## OTIS & Co. *v.* POWER.

**Employer — Employee — Discharge.**

> If the plaintiff was discharged, without just cause, and before the end of the time, for which the defendant had engaged her services, she had the right to maintain an action for the loss of wages, if she was unable by reasonable effort to obtain other employment.

**Contract.**

> In every contract by which the services of one person are engaged to another, there exists mutual obligations and reciprocal duties, and which is not expressed or implied by law for the breach of which either party may terminate the engagement.

**Duty of Employee.**

> Fair dealing, punctuality in payment of wages, and general good treatment are duties incumbent on the employer, for a breach of which the employee can have his action.

**Duty of Employer.**

> The employee is bound to treat the employer with respect, to be faithful and reasonably diligent, and to obey all reasonable orders, within the scope of his employment, which may be given by the employer or his agent, for the breach of which the employer may discharge him.

**Character or Conduct of Employee.**

> In some service the character and conduct of the employee is immaterial to the employer and forms no element or consideration; there are others implied in the nature of the service that do constitute elements of the contract and consideration.

APPEAL FROM JEFFERSON COUNTY COURT OF COMMON PLEAS.

June 28, 1866.

OPINION OF THE COURT BY JUDGE MARSHALL:

Plaintiff, Eliza Power, was in the employment of the defendants, Otis & Co., in their establishment for making cloaks and articles of millinery, in which she was to work with a number of other girls and women. By the contract she was engaged to work in this establishment at wages of $12 a week for a specified period, before the expiration of which she was discharged by the defendants, who then paid her in full for services up to that time. In about six weeks, during which time she applied for employment at several other establishments, and was employed at one of them at wages of $6 a week, she seems to have obtained permanent employment.

She claims in this action the sum of $60, being the amount of the wages which if she had not been discharged by the defendants she would have been entitled to receive from them for six weeks' service, after deducting the $12 received in the six weeks for services in another establishment.

The defendant averred that they had discharged the plaintiff for neglect of duty, disobedience of orders, and improper and immoral conduct, and it was admitted that the time for which the plaintiff claimed wages was covered by the period of her engagement or contract with the defendants. The evidence on the trial related almost exclusively to the conduct of the plaintiff, as put in issue by the averment of the defendants as to causes for which she was discharged. The jury without instructions found a verdict for $61 in favor of the plaintiff, for which sum a judgment was rendered, and the motion of the defendants for a new trial having been overruled they have appealed to this court.

If the plaintiff was discharged without just cause and before the end of the time for which the defendants had engaged her services for wages payable or to be estimated by the week, we do not doubt that she had a right to maintain an action for the loss of wages while within the period of the engagement she was unable by reasonable effort to obtain employment. There is, therefore, no objection to the judgment on the ground of the action being premature. But we have as little doubt that if the causes for the discharge which the defendants allege actually existed in this case in a serious degree, the discharge was justifiable and rightful, and that the consequent loss to the plaintiff was *damnum absque injuria,* and constituted no cause of action.

In every contract by which the services of one person are engaged to another there exist necessarily certain mutual obligations and reciprocal duties, which correspond with the nature of the services and of the associations pertaining to them, and which if not expressed are implied by law. Of these some are fundamental conditions of the continuance of the contract and of which a breach by either party will authorize the other to terminate the engagement. It would be out of place as it would also be out of our power in this opinion to define the specific obligations and duties which may be implied under different circumstances and in different kinds of service. It is sufficient to say that while in every case fair dealing, punctuality in payment of wages, and general good treatment of the party employed are duties incumbent on the employer, the other party is bound to treat the employer with respect, to be faithful and reasonably diligent in the performance of the services undertaken, and to obey all reasonable directions or orders relating to them and within the scope of the employment which may be given by the employer or his agent authorized for that purpose. If there may be some services in which the conduct or character of the person employed is immaterial to the employer and forms no element or consideration in the contract, there are others, and in our opinion this is one, in which from the associations necessarily implied in the nature of the service, and from the duty which the proprietor of such an establishment owes to himself and to society, the chastity, moral conduct, and decorous behavior of a female employed to work with other females, as well as fidelity, diligence, and obedience as above indicated, do constitute elements of the contract and considerations, for the serious and con-

tinued breach of which the employer may and should discharge her.

There is no contrariety in the evidence as to the facts and acts on which the defendants found their charges against the plaintiff, the only discrepancy being in the opinion of *some* of the witnesses with regard to their nature or quality as bearing upon the character or conduct of the plaintiff. And it being conclusively proved that the plaintiff failed in proper diligence and in obedience to directions proceeding from proper authority, and that although her chastity is not impeached, her conduct to the two males belonging to the same establishment who had access to the room in which the females worked was lascivious in the presence of the other females, and that her conversation and conduct were indecorous and of an evil tendency, we are of opinion that the defendants had a right to discharge her, and, therefore, that the verdict of the jury was contrary to law and not justified by the evidence, and that the court erred in overruling the motion for a new trial.

Wherefore, the judgment is reversed, and the cause is remanded for a new trial in conformity with this opinion.